UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ZIRIN TAX COMPANY, INC., *d/b/a Steven-Louis Income Tax Centers*; THE HOLTZ GROUP, INC.; STEVEN A. HOLTZ,

     *Plaintiffs*,

– against –

UNITED STATES OF AMERICA, *by and through the Commissioner of the Internal Revenue Service*,

     *Defendant*.

**MEMORANDUM & ORDER**
24-cv-01511 (NCM) (MMH)

---

**NATASHA C. MERLE**, United States District Judge:

  The Court has received the Report and Recommendation ("R&R") on the instant case dated February 16, 2025, from the Honorable Marcia M. Henry, United States Magistrate Judge. ECF No. 36. Plaintiffs timely objected to the R&R. For the reasons stated below, the Court overrules plaintiffs' objections and adopts the R&R in its entirety.

## BACKGROUND

  Plaintiffs Zirin Tax Company, Inc., doing business as Steven-Louis Income Tax Centers, the Holtz Group Inc., and Steven A. Holtz initially brought this action against the United States, by and through the Commissioner of the Internal Revenue Service ("IRS"), for alleged violations of the Administrative Procedures Act, 5 U.S.C. § 702, and the Due Process Clause of the Fifth Amendment to the United States Constitution, U.S. Const. amend. V. *See generally* Compl., ECF No. 1. Plaintiffs moved for a preliminary injunction the day after filing their complaint. *See* Order to Show Cause Prelim. Inj., ECF No. 3. On April 2, 2024, the Court held an evidentiary hearing on plaintiffs' motion, and the parties

1

subsequently submitted post-hearing briefing. *See* ECF Minutes Entry dated April 2, 2024; *see also* Def.'s Post-Hr'g Br., ECF No. 17; Pls.' Post-Hr'g Br., ECF No. 18. Shortly thereafter, defendant submitted a letter requesting a pre-motion conference in advance of an anticipated motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Def.'s Pre-Motion Conf. Req., ECF No. 19. The Court determined that a pre-motion conference was unnecessary and set a briefing schedule for defendant's motion. *See* ECF Order dated April 26, 2024. One month later, defendant served its motion to dismiss on plaintiffs. *See* ECF No. 21. The Court denied plaintiffs' request for preliminary relief the following week. *See* Memorandum & Order ("M&O"), ECF No. 22.

A few weeks after their request for preliminary relief was denied, plaintiffs attempted to file an amended complaint. *See* Am. Compl., ECF No. 23. The Court found that plaintiffs' amended complaint was not timely filed and directed plaintiffs to either notify the Court of defendant's consent to the amendment or move for leave to amend. *See* ECF Order dated June 21, 2024. Plaintiffs did not obtain defendant's consent and instead moved to amend the complaint, seeking to add claims for monetary damages pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, against six current or former IRS employees (and up to ten "John Does"). *See* R&R 4–5;[1] *see also* Mot. Amend 13–14, 19, ECF No. 30-1 ("Motion"). In that Motion, plaintiffs also argued that the Court erred in finding their motion to amend as untimely but did not separately move for reconsideration of that decision. *See* Mot. 5–6, 10–13. Defendant opposed the Motion on the basis that the amendment would be futile. Mot.

---

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

2

Amend Opp'n 7, ECF No. 32 ("Opposition"). The Court referred plaintiffs' Motion to the magistrate judge for an R&R.

By R&R, Magistrate Judge Henry recommended that the Court deny plaintiffs' Motion in full. R&R 11. Plaintiffs timely objected to the R&R. Obj., ECF No. 38 ("Objection"). Defendant filed an opposition to plaintiffs' Objection on March 24, 2025. Resp. to Obj., ECF No. 39 ("Response").

## STANDARD OF REVIEW

There remains a debate as to whether a "motion to amend is considered dispositive or non-dispositive for purposes of whether a Magistrate Judge's ruling" should be reviewed pursuant to Federal Rule of Civil Procedure 72(a) or (b), which the Second Circuit has yet to resolve. *Covet & Mane, LLC v. Invisible Bead Extensions, LLC*, No. 21-cv-07740, 2023 WL 6066168, at *5 (S.D.N.Y. Sept. 18, 2023) (noting that "the Second Circuit has suggested in dicta and non-precedential opinions that a motion to amend is non-dispositive, [but] it has yet to explicitly hold so").[2] Many courts split the difference: a ruling denying a motion to amend is reviewed as a dispositive order pursuant to Rule 72(b), while a ruling granting a motion to amend is reviewed as a non-dispositive order pursuant to Rule 72(a). *See, e.g., Ashford Locke Builders v. GM Contractors Plus Corp.*, No. 17-cv-03439, 2020 WL 6200169, at *1 (E.D.N.Y. Oct. 22, 2020) (noting that "unless the magistrate judge's decision effectively dismisses or precludes a claim, thereby rendering the motion to amend dispositive, motions for leave to amend are subject to [non-dispositive] review"). Here, Magistrate Judge Henry recommended denial of the

---

[2] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

3

Motion. Accordingly, the Court reviews the R&R as a dispositive ruling pursuant to Rule 72(b).

Under Rule 72(b), the Court reviews "*de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "Merely referring the court to previously filed papers or arguments does not constitute an adequate objection" pursuant to Rule 72(b). *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022); *see also N.Y.C. Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate's recommendations."). Nor will a court consider any arguments not previously raised, but which could have been raised, before the magistrate judge. *Carpenters*, 335 F. Supp. 3d at 351.

A district court reviews "[p]ortions of a report and recommendation that are not properly objected to" for any "clear error on the face of the record." *Park v. Kim*, No. 20-cv-02636, 2022 WL 3643966, at *2 (E.D.N.Y. Aug. 24, 2022), *aff'd*, 91 F.4th 610 (2d Cir. 2024); *see also Sosa v. N.Y.C. Dep't of Educ.*, 368 F. Supp. 3d 489, 494 (E.D.N.Y. 2019) ("General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error.").

## DISCUSSION

Magistrate Judge Henry found that plaintiffs' proposed *Bivens* claims would be futile. *See* R&R 8, 11. Specifically, she concluded that those claims "arise in a new *Bivens* context" and "that at least two special factors counsel hesitation" in recognizing plaintiffs' proposed *Bivens* claims: (i) legislative action suggests that Congress chose not to provide

4

a damages remedy in this context; and (ii) plaintiffs have "an alternative remedial structure to counter any allegedly arbitrary actions by IRS agents." R&R 9–10. Magistrate Judge Henry also concluded that, even if it was error to deny plaintiffs leave to amend as of right, any such error was harmless because amending plaintiffs' complaint would be futile. R&R 7 n.5.

Plaintiffs timely objected to the R&R on two grounds: (i) neither of the "special factors" articulated in the R&R are applicable because no court has ever considered the particular *Bivens* remedy which plaintiffs seek here; and (ii) the filing of plaintiffs' amended complaint was timely. *See* Obj. 4–6. For the reasons stated below, the Court rejects these objections and adopts the R&R in its entirety.

### I.    *Bivens* Actions

"A *Bivens* action is a judicially-created remedy designed to provide individuals with a cause of action against federal officials who have violated their constitutional rights." *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007); *see also Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) ("[A] *Bivens* action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983."). The Supreme Court has recognized this type of remedy in three circumstances: "(1) *Bivens* itself, an unreasonable search and seizure in violation of the Fourth Amendment, *Bivens*, 403 U.S. at 397; (2) employment discrimination against a public sector employee in violation of the Due Process Clause of the Fifth Amendment, *David v. Passman*, 442 U.S. 228, 248–49 (1979); and (3) failure to provide medical care to a prisoner in violation of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14, 19 (1980)." R&R 8; *see also Caraballo v. Pliler,* No. 21-cv-10476, 2023 WL 3467185, at *6 (S.D.N.Y. May 15, 2023).

"[B]ecause a *Bivens* claim has judicial parentage," the Supreme Court has emphasized that a *Bivens* remedy "is an extraordinary thing that should rarely if ever apply in new contexts." *Barone v. United States*, No. 12-cv-04103, 2015 WL 10791889, at *8 (S.D.N.Y. Oct. 29, 2015). Courts follow a two-step inquiry to determine whether to recognize a *Bivens* cause of action in circumstances outside of the contexts of *Bivens*, *Passman*, and *Green*. *See Futia v. Roberts*, No. 23-cv-01774, 2023 WL 8237246, at *5 (S.D.N.Y. Nov. 28, 2023) (citing *Egbert*, 596 U.S. 483, 492 (2022)). First, courts "ask whether the case presents a new *Bivens* context—*i.e.*, is it meaningfully different from the three cases in which the [Supreme] Court has implied a damages action." *Egbert*, 596 U.S. at 492. Second, if the case presents a new context, courts ask whether "special factors indicat[e] that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Id*. These two steps "often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Id*. "If there is even a single reason to pause before applying *Bivens* in a new context, a court may not recognize a *Bivens* remedy." *Id*.

Magistrate Judge Henry concluded, and plaintiffs conceded, that plaintiffs' proposed *Bivens* remedy presents a new context. *See* R&R 9; *see also* Reply Mot. Amend 10, ECF No. 34 ("Reply"). Magistrate Judge Henry further concluded that at least two interrelated special factors give reason to pause before recognizing plaintiffs' proposed *Bivens* remedy. First, Congress declined to authorize damages lawsuits against individual IRS agents and instead opted to enact alternative remedies for alleged constitutional violations. R&R 9–10. Second, plaintiffs have an "alternative remedial structure" to remedy any alleged arbitrary actions by IRS agents, namely, the IRS's administrative

6

appeal process. R&R 10–11. Accordingly, Magistrate Judge Henry found that plaintiffs failed to state a cognizable *Bivens* claim and thus leave to amend would be futile. R&R 11.

Plaintiffs object to the R&R on the basis that—unlike the cases cited therein—their case "do[es] not bear a substantive relation or analogy" to instances in which courts rejected *Bivens* actions sought to be brought against IRS agents. Obj. 7. In plaintiffs' view, courts that rejected those actions did so in circumstances related to "alleged violations of constitutional rights arising from the IRS's core function of assessing and collecting taxes." Obj. 7-8. Plaintiffs argue that their claims do not arise from tax assessment or collection-related activities, rather, plaintiffs contend that their claims stem from "federal criminal investigators act[ing] unilaterally to strip them of [a] constitutionally protected property interest," without a meaningful opportunity to be heard. *See* Obj. 8.

As a threshold matter, plaintiffs' suggestion that courts have declined to recognize *Bivens* actions against IRS employees only for alleged constitutional violations "arising from the IRS's core function of assessing and collecting taxes" is misplaced. Obj. 7–8. To begin, plaintiffs advance an overly narrow and unsupported view of the IRS's "core function." Obj. 8. Contrary to plaintiffs' characterization, one of the IRS's core functions is "to investigate and audit persons to insure [sic] compliance with federal tax laws." *Upton v. I.R.S.*, 104 F.3d 543, 545 (2d Cir. 1997); *see also Hernandez v. Doe*, No. 16-cv-02375, 2016 WL 4995231, at *2 (E.D.N.Y. Sept. 18, 2016) ("[T]he Commissioner of the Internal Revenue Service . . . [is] charged with the responsibility of administering and enforcing the Tax Code, including allegations of suspected fraud."). In addition to investigating individuals, it seems apparent that the IRS would also be charged with investigating tax preparers for compliance with tax laws.

7

Moreover, as the Second Circuit has explained, "every circuit that has considered the appropriateness of a *Bivens* remedy in the taxation *context* has uniformly declined to permit one." *Hudson Valley Black Press v. I.R.S.*, 409 F.3d 106, 113 (2d Cir. 2005) (emphasis added) (collecting cases). This context extends beyond "retaliatory audit, assessment, or collection related activity," Obj. 8, and includes, for example, certain constitutional violations arising from IRS agent actions in criminal investigations. *See e.g., Vennes v. An Unknown Number of Unidentified Agents of U.S.*, 26 F.3d 1448, 1451–52 (8th Cir. 1994) (declining to recognize *Bivens* action against IRS agents for alleged due process violations in connection with money laundering investigation).

Upon its *de novo* review, the Court finds that special factors caution against recognizing plaintiffs' proposed *Bivens* action and therefore adopts Magistrate Judge Henry's recommendation to deny the Motion on this ground.

### A.    Objection: Congressional Action

The operative question before applying *Bivens* to a new context is whether "there is even a single reason to pause." *Egbert*, 596 U.S. at 492. "[L]egislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation." *Ziglar v. Abbasi*, 582 U.S. 120, 148 (2017). As Magistrate Judge Henry correctly explained, "Congress has already weighed the costs and benefits of allowing a damages action for constitutional violations to proceed against IRS employees," and has declined to do so. R&R 10. In lieu of permitting damages actions to proceed, Congress "instead enacted alternative remedies for alleged violations of federal rights by IRS employees." R&R 10 (citing 26 U.S.C. § 7605(5) and 26 U.S.C. § 7433). This comprehensive statutory framework in which Congress opted to omit damages actions against the IRS weighs against fashioning a *Bivens* remedy in this case. *See Bowman v. Iddon*, 138 F. Supp. 3d

8

3, 8–9 (D.D.C. 2015), *aff'd on other grounds*, 884 F.3d 1034 (D.C. Cir. 2017) (concluding that the Internal Revenue Code's comprehensive statutory scheme foreclosed tax preparer's *Bivens* action).

Plaintiffs argue that this factor does not counsel against recognizing their proposed *Bivens* action because this action is beyond the scope of the relevant statutory framework. Specifically, they contend that Congress did not consider a scenario "where federal agents allegedly abused their power" to destroy the "target of an uncompleted criminal investigation." Obj. 9. To the contrary, plaintiffs' allegations make clear that their proposed *Bivens* claims seek damages "against IRS employees for violations of constitutional rights," which Congress has declined to authorize. *See Hudson Valley*, 409 F.3d at 112. Plaintiffs' proposed *Bivens* claims rest upon allegations that IRS agents acting in their official capacities intentionally deprived plaintiffs of a constitutionally protected property interest in their EFINs and "ability to e-file tax returns." *See* Proposed Am. Compl. ¶¶ 6–13, 37, 64, 89, ECF No. 30-3; *see also* Obj. 8. Plaintiffs' attempt to recast the harm which they ask the Court to remedy as preventing "federal criminal agents" from "destroy[ing] . . . criminal target[s]" based on "secret evidence, and with no effective opportunity to be heard," Obj. 8, finds no basis in their pleading and is therefore unavailing.

This reason alone counsels against recognizing plaintiffs' proposed *Bivens* claims. *See Herbst v. U.S. Postal Serv.*, 953 F. Supp. 2d 463, 467 (E.D.N.Y. 2013). Accordingly, plaintiffs' proposed amendment fails to state cognizable *Bivens* claims and would be futile. *See* R&R 11.

*B. Objection: Alterative Remedies*

The alternative remedies that Congress has provided through that comprehensive legislative scheme also counsel against finding a *Bivens* remedy available for plaintiffs' proposed claims. As Magistrate Judge Henry correctly concluded, the existence of "an alternative remedial structure to counter any allegedly arbitrary actions by IRS agents" likewise renders plaintiffs' proposed claims futile. R&R 10 (citing *Ziglar*, 582 U.S. at 137). Specifically, Magistrate Judge Henry observed that the IRS's administrative appeals process allowed plaintiffs "to contest sanctions related to e-filing—including EFINs suspensions." R&R 10.

Plaintiffs object to this conclusion on the basis that, in their view, the administrative appeals process was rendered "a sham" because the proposed additional defendants "kep[t] the factual basis for the EFIN suspension a secret to prevent any effective challenge to the agency action." Obj. 9. At the outset, plaintiffs' argument that the appeals process was a "sham" is the "same argument[] presented to the magistrate judge," and is thus reviewed for clear error. *See Sosa*, 378 F. Supp. 3d at 494; Reply 11 ("The IRS intentionally made the right to review its decision a sham by keeping the allegations upon which it was based a secret.").

Non-judicial "remedies usually preclude[] a court from authorizing a *Bivens* action." *Ziglar*, 582 U.S. at 148. The existence, not the adequacy, of the remedy is the relevant issue: "[s]o long as Congress or the Executive has created a remedial process . . . the courts cannot second-guess that calibration by superimposing a *Bivens* remedy."[3]

---

[3]  Plaintiffs concede "that the Supreme Court has articulated an apparent tightening of the requirements for an implied *Bivens* remedy since . . . *Zherka*," Obj. 9 n.2, but nevertheless contend that *Zherka* has not been overruled and ask that this Court follow

10

*Egbert*, 596 U.S. at 498. Here, plaintiffs describe the IRS administrative appeals process and the litany of Internal Revenue Code implementing provisions and related regulations in their pleading. *See* Proposed Am. Compl. ¶¶ 67–75. Moreover, Congress has created other alternative remedies, including, for example, the Treasury Inspector General for Tax Administration, "an entity distinct from the IRS, which investigates claims of IRS employee misconduct, in an effort to deter such misconduct." *Hudson Valley*, 409 F.3d at 111–12.

Accordingly, the Court finds no clear error in Magistrate Judge Henry's finding that the existence of an alternative remedial structure counsels against recognizing plaintiffs' proposed *Bivens* claims. Accordingly, plaintiffs' proposed amendment fails to state cognizable *Bivens* claims and would be futile. R&R 11.

\*   \*   \*

Plaintiffs are mistaken that if the Court declines to recognize a *Bivens* remedy, as it does now, "this would create a presumption that Plaintiffs have been irreparably harmed by the federal criminal investigators' violation of their Fifth Amendment due process rights." Obj. 10. Should plaintiffs wish to renew their motion for a preliminary injunction, they will retain their burden to "show a clear or substantial likelihood of success on the merits, and make a strong showing of irreparable harm." *JTH Tax, LLC v. Agnant*, 62 F.4th 658, 669 (2d Cir. 2023). They failed to do so in their previous

---

the *Zherka* court's lead and recognize an implied *Bivens* remedy. Obj. 10. The Court declines this invitation and instead follows the Supreme Court's guidance that "expanding the *Bivens* remedy is now a disfavored judicial activity." *Ziglar*, 582 U.S. at 135. And in any event, "*Zherka* is distinguishable from the present case because plaintiffs have not alleged retaliation on the basis of any constitutionally protected activity." *Modest Needs Foundation v. Bianco*, No. 16-cv-03144, No. 2017 WL 3130416, at *13 n.20 (S.D.N.Y. July 21, 2017).

11

application because the preliminary injunction record did not support their contention that EFIN suspension "poses a severe, and potentially existential, risk to SL Tax's business." M&O 11–12 (citing Pls.' Prelim. Inj. Reply Mem. Law 3, ECF No. 12). And as this Court previously explained, if plaintiffs attempt to satisfy the irreparable harm element by demonstrating a constitutional violation that "carries noncompensable damages," that violation must be "convincingly" shown. M&O 10 (citing *Gazzola v. Hochul*, 645 F. Supp. 3d 37, 55 (N.D.N.Y. 2022), *aff'd*, 88 F.4th 186 (2d Cir. 2023)). Further, for the avoidance of doubt, the Court's prior observation that, at that time, plaintiffs "presented strong arguments," M&O 7, as to their Fifth Amendment procedural due process claim does not relieve plaintiffs of their burden to establish irreparable harm, the likelihood of success on the merits of their claims, and balance of the equities or public interest in their favor in any subsequent motion for preliminary injunctive relief.

## II.     Objection: Amendment as of Right

In their Motion, plaintiffs also argued that the Court erred in denying amendment as of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). *See* Mot. 5. Magistrate Judge Henry concluded that even if plaintiffs were errantly denied leave to amend as of right, "such error would be harmless if amending the Complaint would be futile, as is the case here." R&R 7 n.5. Plaintiffs object to this conclusion on the grounds that their proposed *Bivens* claims would not be futile, and again argue that they timely filed their amended complaint as of right. *See* Obj. 11. In support of this objection, plaintiffs refer to "the reasons set forth in [p]laintiffs' opening and reply memoranda of law in support of their Motion to Amend." Obj. 11. Accordingly, since plaintiffs "merely refer[] the court to previously filed papers or arguments," this objection is inadequate to invoke *de novo*

review and is instead reviewed for clear error.[4] *See also Gunter v. Long Island Power Auth./Keyspan*, No. 08-cv-00498, 2012 WL 4057407, at *1 (E.D.N.Y. Sept. 14, 2012) ("Where objections consist of conclusory or general arguments, or simply reiterate the original arguments, or are merely an attempt to engage the district court in rehashing of the same arguments set forth in the original petition, the Court reviews for clear error.").

Upon a review of the record, the Court finds no clear error in Magistrate Judge Henry's conclusion. As discussed above, plaintiffs' proposed *Bivens* claims are futile, and therefore any error in denying plaintiffs leave to amend as of right was harmless. *See Pettaway v. Nat'l Recovery Sols. LLC*, 955 F.3d 299, 301–04 (2d Cir. 2020) (finding no error in district court's denial of motion to amend based "on its view that the amended complaint would not withstand a motion to dismiss," even where the "amended complaint was timely filed, and therefore leave to file an amended complaint was not required"). Even had plaintiffs amended their complaint to add *Bivens* claims, defendant would have assuredly brought a motion to dismiss, which plaintiffs would be unable to overcome given the claim's futility.

---

[4] Plaintiffs do raise "an additional reason" to reject Magistrate Judge Henry's conclusion, namely, that the R&R noted that plaintiffs never moved for reconsideration of the Court's denial of leave to amend as of right. *See* Obj. 11. Plaintiffs argue that "the R&R . . . does not cite, and Plaintiffs are unaware of, any authority requiring that they challenge the Court's determination that they did not timely amend their Complaint as of right through a motion for reconsideration." Obj. 11–12. However, this recognition of plaintiffs' failure to move for reconsideration was not the basis of Magistrate Judge Henry's recommendation. Moreover, any error in this regard is immaterial and otherwise insufficient to disturb the R&R's ultimate conclusion that any error in denying leave to amend as of right was harmless in light of the proposed amendment's futility. *See* R&R 7 n.5.

## CONCLUSION

For the reasons stated above, the Court adopts the R&R, in its entirety, as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1). Plaintiffs' motion for leave to amend is **DENIED**.

**SO ORDERED.**

                                              _/s/ Natasha C. Merle_
                                              NATASHA C. MERLE
                                              United States District Judge

Dated:        March 28, 2025
                Brooklyn, New York